UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | | |
|---|---|---|
| **MICHAEL GOODSON** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 09-7632** |
| | * | |
| **BNSF RAILWAY COMPANY** | * | **SECTION "L"(4)** |

## ORDER

The Court has pending before it motions for summary judgment filed by Defendant BNSF Railway Company ("BNSF") and Plaintiff Michael Goodson.  The Court has reviewed the briefs and the applicable law and now denies both motions.

This case arises out of a personal injury Plaintiff Michael Goodson, a locomotive engineer, allegedly sustained on a locomotive owned by his employer, Defendant BNSF Railway Company.  Plaintiff alleges that early on the morning of April 19, 2009, while working in the course and scope of his employment, he fell while stepping off a raised engineer's seat inside a locomotive owned by Defendant.  Plaintiff contends that when he fell, one floor light in the locomotive was burned out.  It is not clear precisely to what extent BNSF disputes that the floor light was burned out, but the parties hotly dispute whether the lighting in the locomotive was adequate at the time of the accident.

Plaintiff proceeds under a number of legal theories.  First, Plaintiff argues that BNSF was negligent in violation of the Federal Employers Liability Act ("FELA"), 45 U.S.C. § 51.  Second, Plaintiff argues that BNSF is strictly liable because it violated the Locomotive Inspection Act ("LIA") and two associated regulations governing illumination.   The LIA requires that a locomotive and its "parts and appurtenances" must be "in proper condition and

safe to operate without *unnecessary* danger of personal injury." 49 U.S.C. § 20701 (emphasis added). Through regulations, the Secretary of Transportation has provided generally that "All systems and components on a locomotive shall be free of conditions that endanger the safety of the crew, locomotive or train," 48 C.F.R. § 229.45, and specifically that "Cab passageways and compartments shall have adequate illumination," 49 C.F.R. § 229.127(b).

Both parties have filed motions for partial or total summary judgment. Plaintiff argues that the burned-out light establishes as a matter of law that the locomotive was not "in proper condition and safe to operate without unnecessary danger of personal injury," in violation of 49 U.S.C. § 20701 and its associated regulations, and that BNSF is strictly liable under the LIA. Defendant also moves for summary judgment, contending that even though the light was burned out, Plaintiff cannot prove at trial that the lighting in the locomotive was insufficient or posed an "unnecessary danger" under the LIA, or that the burned-out light constituted negligence of which Defendant had notice under the FELA.

The crux of this case is the disputed factual issue of the lighting conditions in the locomotive at the time of the accident. The parties genuinely dispute whether there was sufficient illumination, and the role that the level of illumination played in causing his injury. That dispute of fact is pertinent to all of Plaintiff's legal theories of recovery. Accordingly, the motions for summary judgment (Rec. Docs. 40, 41) are DENIED.

New Orleans, Louisiana, this 11th day of May, 2011.

_____
U.S. DISTRICT JUDGE